UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAMES A. BURKS, M.D., and JAMES D. DAVENPORT, M.D., | ) ) ) ) |
| Plaintiffs/Relators, | ) ) |
| vs. | ) ) ) |
| JOHN R. DYLEWSKI, M.D., BAPTIST HEALTH SOUTH FLORIDA, INC. d/b/a BAPTIST HEALTH SOUTH FLORIDA, and d/b/a MIAMI CARDIAC & VASCULAR INSTITUTE; BAPTIST HOSPITAL OF MIAMI, INC.; and SOUTH MIAMI HOSPITAL, INC., d/b/a SOUTH MIAMI HEART CENTER, | ) ) ) ) ) ) ) ) ) ) Case No. 14-CV-22079-UU |
| Defendants. | ) |

**JOHN R. DYLEWSKI'S MOTION TO DISMISS AND JOINDER IN BAPTIST DEFENDANT'S MOTION TO DISMISS RELATORS' AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant John R. Dylewski moves to dismiss the Amended Complaint of Relators James A. Burks and James D. Davenport (hereinafter, "Relators"), D.E. 16, and joins in the Motion to Dismiss and Memorandum of Law ("Baptist Motion to Dismiss") filed by Defendants Baptist Health South Florida, Inc., Baptist Hospital of South Miami, Inc., and South Miami Hospital, Inc. (collectively the "Baptist Defendants"), D.E. 79, as follows:

1

## **INTRODUCTION**

"When a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendants' goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements. . . . This is especially so in cases involving the False Claims Act, which provides a windfall for the first person to file . . .." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313, n. 24 (11th Cir. 2002).

The Relators have failed to specifically plead the elements of the causes of action subject of the Amended Complaint and have needlessly harmed the good will and reputation of Dr. Dylewski, a board certified nationally recognized and honored, clinical cardiac electrophysiologist with close to two decades of experience in treating over 11,000 patients.

As established by the Baptist Defendant's Motion to Dismiss, the Amended Complaint is a series of hyperbolic conclusions that lack allegations of factual support and personal knowledge of the Relators sufficient to support the claims alleged therein. The Amended Complaint should be dismissed with prejudice.

## **JOINDER IN BAPTIST DEFENDANTS' MOTION TO DIMISS**

Dr. Dylewski joins in and adopts the following sections of the Baptist Defendants' Motion to Dismiss:

I. RELATORS FAIL TO PLEAD CLAIMS WITH PARTICULARITY AS REQUIRED BY RULE 9(B), WHICH HAS BEEN STRICTLY APPLIED BY THE ELEVENTH CIRCUIT IN FALSE CLAIMS ACT CASES.

   A. Relators Fail to Identify with Particularity a Single False Claim Actually Submitted to the Government by the Baptist Defendants, Which Requires Dismissal of All of Relator's Claims.

Dr. Dylewski additionally asserts:

The Amended Complaint fails to allege a fundamental aspect of an FCA claim – falsity. "[T]he FCA requires 'proof of an objective falsehood' to show falsity." *United States v. Aegis Therapies*, No. CV-210-072, 2015 U.S. Dist. LEXIS 45221 at *32 (S.D. Ga. Mar. 31, 2015). *See also United States ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 836 (7th Cir. 2011) ("A statement may be deemed 'false' for the purposes of the False Claims Act only if the statement represents 'an objective falsehood.'"); *United States ex rel. Parato v. Unadilla Health Care Ctr. Inc.,* 787 F. Supp. 2d 1329, 1339 (M.D. Ga. 2011).

Claims are not false under the FCA if reasonable persons can disagree regarding whether the service was properly billed to the government. "Expressions of opinion, scientific judgments, or statements as to conclusions about which reasonable minds may differ cannot be false." *United States ex rel. Phalp v. Lincare Holdings, Inc.*, 116 F. Supp. 3d 1326, 1360 (S.D. Fla. 2015). *See also United States v. Prabhu,* 442 F. Supp. 2d 1008, 1026 (D. Nev. 2006) ("[C]laims are not 'false' under the FCA when reasonable persons can disagree regarding whether the service was properly billed to the Government.").

> Medicare does not require compliance with an industry standard as a prerequisite to payment. . . . Although the [relators] allege that [defendant healthcare company] failed to meet "objective standards" for testing, they do not allege that [the defendant] was expressly required to comply with those standards as a prerequisite to payment of claims. They identify no specific Medicare or Medicaid regulation that mentions the standards. They instead allege generally that "Medicare regulations . . . only allow for reimbursement of indicated appropriate diagnostic testing on Medicare beneficiaries."

*Chesbrough v. VPA*, 655 F.3d 461, 468 (6th Cir. 2011).

Medical necessity for Medicare purposes is determined by the "treating physician rule" which compels deference to the judgment and discretion of the physician rendering care. *Prabhu*,

3

at 1032. Pursuant to the legislative history of the Medicare statute: "The physician is to be the key figure in determining utilization of health services." S. Rep. No. 89-404, at 125 (1965) (Conf. Rep.), as reprinted in 1965 U.S.C.C.A.N. 1943, 1986.

Although the Relators provide "representative examples" of procedures performed by Dr. Dylewski that they allege were medically unnecessary, they fail to allege facts that would demonstrate that Dr. Dylewski did not or could not have believed, based on his own clinical judgment, that the procedure was unnecessary. At best, the Relators allege that other professionals disagreed with his diagnoses and treatment decisions. This difference in opinion cannot, as a matter of law, establish that any procedure was medically unnecessary sufficient to support a violation of the False Claims Act.

Furthermore, Relators have failed to plead with any specificity their personal knowledge regarding the procedures for and actual filing of false claims alleged to have been made by Dr. Dylewski. Relator Davenport's employment as a physician (and only during only a short time period subject of the allegations) does not establish knowledge of billing procedures or the specific billing alleged in the Amended Complaint. Such failure is fatal to the Relators claim that Dr. Dylewski filed false claims. *U.S. ex rel. Mastej v. Health Management Associates, Inc.*, 591App'x 693 (11th Cir. 2014) (Relator's allegations that he was chief executive officer of the defendant and attended case management meetings in which every patient was reviewed, including billing related to the patient, was sufficient to establish personal knowledge to support a False Claims Act and Stark Law violation, but only for the time period that Relator was employed by the defendant.).

B. Relators Also Fail to Plead False Certifications by the Baptist Defendants.

Dr, Dylewski additionally asserts:

4

As with the alleged false claims, Relators have failed to plead with any specificity their personal knowledge regarding the procedures for and actual filing of certifications alleged to be made by Dr. Dylewski. Relator Davenport's employment as a physician (and only during a short time period subject of the allegations) does not establish knowledge of the certification procedures or the specific certifications alleged in the Amended Complaint. Such failure is fatal to the Relators claim that Dr. Dylewski filed false certifications. *U.S. ex rel. Mastej v. Health Management Associates, Inc.*, 591App'x 693 (11th Cir. 2014) (Relator's allegations that he was chief executive officer of the defendant and attended case management meetings in which every patient was reviewed, including billing related to the patient, was sufficient to establish personal knowledge to support a False Claims Act and Stark Law violation, but only for the time period that Relator was employed by the defendant.).

C. Relators Also Do Not Plead the Required "Who, What, Where, When, and How" as to Any Improper Practices by the Baptist Defendants.

1. Rule 9(b) Does Not Permit Group Pleading Against "Defendants."

2. Relators Also Do Not Adequately Plead the When, Where, How and Why of Any Fraud by the Baptist Defendants, As Rule 9(b) Requires.

Dr. Dylewski additionally asserts:

> Critically, the Relators fail to allege that they have personal knowledge regarding the facts and circumstances alleged for any one of the patient "examples."

II. RELATORS' ALLEGATIONS OF "SUBOPTIMAL" OR "IMPROPERLY PERFORMED" PROCEDURES ARE NOT ACTIONABLE UNDER THE FCA, AS THE FCA IS NOT A FEDERAL MEDICAL MALPRACTICE STATUTE

III. RELATORS' COUNT III FOR REVERSE FALSE CLAIMS SHOULD BE DISMISSED AS REDUNDANT OF THEIR FALSE CLAIMS ALLEGATIONS

V. THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE STARK LAW, WHICH IS ANOTHER REASON COUNT IV MUST BE DISMISSED

Dr, Dylewski additionally asserts:

The Stark Law prohibits hospitals and other medical providers from presenting claims to federal health care programs if those claims are the result of referrals from physicians with whom the hospital has a financial relationship. Thus, a false claim is an element of the cause of action. Failure to adequately plead the making of a false claim, as described above, is fatal to a Stark Law cause of action.

The allegations regarding the Stark Law violation also fail because such violation requires that a patient referral stem from compensation. *U.S. ex rel. Dolan v. Long Grove Manor, Inc.*, No. 10 C 368, 2014 U.S. Dist. LEXIS 98429, at *12 (N.D. Ill. July 18, 2014) (citation omitted) ("The Stark Law similarly 'forbids federal reimbursement for services that stem from compensated referrals.'"). The Amended Complaint fails to identify a single patient referral made in violation of Stark Law - there are no specific factual allegations establishing that Dr. Dylewski was compensated for referrals as opposed to his medical directorship.

VI. THE FCA'S STATUTE OF LIMITATIONS BARS ALL MEDICAL NECESSITY CLAIMS BEFORE JUNE 5, 2008 AND ALL STARK-RELATED CLAIMS BEFORE JANUARY 27, 2009

## CONCLUSION

Relator Davenport's presence in Dr. Dylewski's medical office does not transmute into knowledge of particular practices, including medical procedures, billing, certification and the other practices subject of the Amended Complaint. Relators Davenport and Burk's doctorate degrees do not an expert in all medical fields make. That Relators or allegedly others believe that

Dr. Dylewski performed medically unnecessary or improper procedures similarly does not a false claim make.

The Amended Complaint fails to sufficiently allege a violation of the False Claims Act or the Stark Law.

WHEREFORE, John R. Dylewski respectfully requests that this Court enter an Order dismissing the Amended Complaint with prejudice.

Respectfully submitted this 25th day of March, 2016.

s/ Ronald Gainor
Ronald Gainor, Esq.
Florida Bar No. 606960
Amber Donner, Attorney at Law
Florida Bar No. 600032
Gainor & Donner
3250 Mary Street, Suite 405
Miami, Florida 33131
O: 305-537-2000
F: 305-537-2001
C: 305-206-2008
Email:  gainorlaw@gmail.com
Counsel for Defendant John R. Dylewski

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on counsel of record, including counsel for Relators, counsel for the United States and counsel for the Baptist Defendants, by using the CM/ECF system on this 25th day of March, 2016.

s/ Ronald Gainor