UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:14-CV-22079 – Ungaro/Otazo-Reyes

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAMES A. BURKS, M.D., and JAMES D. DAVENPORT, M.D., | ) ) ) ) |
| Plaintiffs/Relators, | ) ) |
| vs. | ) ) |
| JOHN R. DYLEWSKI, M.D., BAPTIST HEALTH SOUTH FLORIDA, INC. d/b/a BAPTIST HEALTH SOUTH FLORIDA, and d/b/a MIAMI CARDIAC & VASCULAR INSTITUTE; BAPTIST HOSPITAL OF MIAMI, INC.; and SOUTH MIAMI HOSPITAL, INC., d/b/a SOUTH MIAMI HEART CENTER, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**BAPTIST DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

**I.     RELATORS CONCEDE NUMEROUS ARGUMENTS MADE BY THE BAPTIST DEFENDANTS IN THEIR MOTION TO DISMISS, INCLUDING CENTRAL ARGUMENTS FOR DISMISSAL OF ALL CLAIMS AGAINST THE BAPTIST DEFENDANTS.**

Among the many grounds for dismissal that Relators fail to respond to, Relators did not respond at all to the Baptist Defendants' chief argument for dismissal – that Relators have not identified, even in a general way, any false certification by a Baptist Defendant that a procedure was medically necessary.  The Baptist Defendants pointed out in their Motion to Dismiss ("Baptist Motion" at 6 and 10) that hospitals only certify medical necessity "[f]or TRICARE Purposes" or "[f]or CHAMPUS purposes," ***not*** Medicare or Medicaid, on the Forms UB-4 or UB-92 that Relators allege "a hospital" submits (AC ¶¶ 48, 72-73), and Relators entirely ignored this in their response to the Motion.  Relators claim to have personal knowledge that certifications as to seven patients were submitted to Medicare (an assertion that itself lacks indicia of reliability, as not all seven were even old enough to typically qualify for Medicare), but Relators do not say anything about any Baptist Defendant's false certification of medical necessity to TRICARE or CHAMPUS.  Regardless of what pleading standard is applied, Relators have not identified a false certification of medical necessity by the Baptist Defendants.

Relators have not even mentioned this and have waived any argument on it, as well as on a host of other arguments raised by the Baptist Defendants to which Relators do not respond, as follows:

- Relators do not allege that any Baptist Defendant certified Dr. Dylewski's compliance with medical necessity requirements.  Baptist Motion at 9-10.

- General certifications of compliance with the law on hospital cost reports do not certify medical necessity.  *Id.* at 10.

- Relators assert only that the practices they allege in their Amended Complaint ("AC") have been occurring "since at least 2007" and "as recently as May 2014," without indicating when in this seven-year time period any alleged improper

1

- activity occurred (AC ¶¶ 1, 105), which does not satisfy Rule 9(b).  Baptist Motion at 12.

- Relators purport to allege violations of "conditions of participation" (AC ¶ 12), but only certifications of "conditions of payment" can potentially state a False Claims Act ("FCA") cause of action.  Baptist Motion at 10.

- Relators' allegations of "suboptimal" or "improperly performed" procedures incompatible with standards of medical care are not actionable under the FCA, as the FCA is not a federal medical malpractice statute.  *Id.* at 13-14.

- Relators' Count III for reverse false claims should be dismissed as redundant of their false claims allegations.  *Id.* at 14-15.

- The FCA's statute of limitations bars all medical necessity claims before June 5, 2008 and all Stark-related claims before January 27, 2009.  *Id.* at 19-20.

Failure to respond to arguments in a response to a motion to dismiss alone is sufficient to grant dismissal on the basis of those arguments.  *See, e.g., U.S. ex rel. Osheroff v. Tenet Healthcare Corp.*, No. 09-22253-CIV-HUCK/BANDSTRA, 2012 U.S. Dist. LEXIS 96434, at *37 (S.D. Fla. July 12, 2012) ("The failure to defend a claim in responding to a motion to dismiss results in the abandonment of that claim.").  Relators asked for both extra pages and extra time for their Response, which the Court granted, so they had every opportunity to respond to these issues, but they failed to do so.

Moreover, "Relators concede that the Stark law does not create a private right of action." (Response at 14.)  Relators argue that false certifications of compliance with the Stark Law could be brought under the FCA, but that is not how they pleaded Count IV of their Amended Complaint, "VIOLATIONS OF THE STARK LAW, 42 U.S.C. 1395nn" (AC ¶ 130: "This is a claim for refunds and civil penalties under the Stark Law").  Nor do Relators mention in their Response any Baptist Defendant certifications of compliance with the Stark Law or any patients referred in violation of the Stark Law.  Baptist Motion at 8-9.  Relators also argue that their

2

group pleading of all Defendants together satisfies Rule *8(a)* (Response at 15-16), but Relators say nothing about why this group pleading satisfies Rule *9(b)*. Baptist Motion at 11-12.

Based on these concessions alone, there are multiple separate and independent grounds for dismissal of all claims against the Baptist Defendants: the entirety of Counts I, II, and III against the Baptist Defendants should be dismissed with prejudice because Relators have not identified any false certifications of medical necessity by the Baptist Defendants to TRICARE or CHAMPUS, or any prospect of being able to do so; Counts I and II of Relators' Amended Complaint should be dismissed with prejudice as they relate to allegations of suboptimal care or improperly performed procedures; Count III should be dismissed with prejudice as redundant; Count IV should be dismissed because it alleges a standalone Stark Law cause of action; and Counts I, II, and III should be limited in time to June 5, 2008 and later and Count IV should be limited in time to January 27, 2009 and later.

## II. RELATORS CANNOT SATISFY ANY INTERPRETATION OF RULE 9(b) PLEADING STANDARDS.

Relators do not and cannot argue that they have identified any false claims actually submitted to the government with the particularity required by Rule 9(b). Instead, Relators argue that they do not have to do so, invoking exceptions and a relaxed pleading standard. As set forth below, the Baptist Defendants believe that Relators' interpretation of the case law is incorrect. But regardless of how that case law is interpreted, Relators have not stated an FCA claim under even the most forgiving interpretation of Rule 9(b) pleading standards, as they do not allege any details of any claim by any Baptist Defendants or even general descriptions of any of the Baptist Defendants' billing processes or practices. As this Court recognized in dismissing a False Claims Act cause of action on this basis in *U.S. ex rel. Keeler v. Eisai, Inc.*, 1:09-cv-22302-KMW, Dkt. 61 (June 21, 2011) (Ungaro, J.), merely pleading the type of CMS form defendants

submit claims on does not satisfy even the more relaxed Rule 9(b) standard used by other circuits where basic details like "when the claims were submitted" are not pleaded. *Id.* at 12-13. Relators submit declarations that cannot be considered on this Motion to Dismiss, but even if considered, the declarations do not support leave to amend, as they likewise lack any details of when claims were submitted or by what Baptist Defendant (stating only that "Dr. Dylewski" or "the Defendants" billed Medicare).

> **A.    Relators Are Not Entitled to a Relaxed Pleading Standard or Any Exception to the Eleventh Circuit's Requirement to Identify an Actual False Claim or Personal Knowledge of Bills to the Government, and In Any Event, Relators Cannot Satisfy Any Interpretation of the Pleading Standard.**

Relators overstate the extent to which the Eleventh Circuit has receded from the specificity requirements for pleading false claims articulated in *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002), *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005)*,* and their progeny. Pleading a claim actually submitted to the government is still "the *sine qua non* of a False Claims Act violation," *Clausen*, 290 F.3d at 1311, as the Eleventh Circuit has reaffirmed at least seven times since *Clausen*, including as recently as 2015. *See, e.g., Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1045 (11th Cir. 2015). Acknowledging they cannot meet this standard, Relators argue that they qualify for "exceptions" to this or are otherwise entitled to a "relaxed" standard. These arguments fail.

First, Relators invoke *U.S. ex rel. Mastej v. Health Management Associates, Inc.*, 591 F. App'x 693, 704-05 (11th Cir. 2014), but Relators ignore footnote 3 of the Baptist Motion, explaining why the exception in that case does not apply here.[1]  Second, Relators allege that they

---

[1]   Relators' reliance on *U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217 (11th Cir. 2012), is similarly misplaced. In *Matheny*, the court said that courts are "more tolerant toward complaints that leave out some particularities of the submission of a false claim if the complaint also alleges personal knowledge or participation" but not in cases "where the

are excused from pleading with particularity because they are "insiders."  Relator Davenport may have been an insider of Dr. Dylewski when he was an employee of Dr. Dylewski working in Dylewski's office, but neither he nor Relator Burks allege that they were ever an employee of any Baptist Defendant, much less an employee of any Baptist Defendant's billing department. Whether insider or outsider, the knowledge required has to be specific first-hand knowledge *of billing and claim submission*, which Relators do not have, certainly of any Baptist Defendant claims to CHAMPUS or TRICARE.  *Mastej*, 591 F. App'x at 704 ("a plaintiff-relator without first-hand knowledge of the defendants' billing practices is unlikely to have a sufficient basis for such an allegation").  Both the Eleventh Circuit and district courts have dismissed cases brought by "insiders" for failing to satisfy Rule 9(b), including very recently.  *See, e.g., U.S. ex rel. Britton v. Lincare, Inc.*, No. 15-11897, 2015 U.S. App. LEXIS 21373, at \*2, 5-6 (11th Cir. Dec. 10, 2015) (affirming dismissal with prejudice of complaint asserting FCA claims "to the extent" Medicaid was billed).

Alleging personal knowledge of Dr. Dylewski's allegedly unnecessary procedures does not provide indicia of reliability that Relators have any knowledge of a Baptist Defendant's submission of claims to the government, which must be pleaded with particularity.  *Corsello*, 428 F.3d at 1014.  The cases Relators cite are distinguishable because in every one of those cases, the relators pled specific facts regarding their personal knowledge *of billing or submission of false claims*—facts that are entirely absent from Relators' Amended Complaint.  *See, e.g., Matheny*, 671 F.3d at 1220, 1226 (relators were employed in the defendant's accounting and billing departments and attached to the complaint spreadsheets identifying, *inter alia*, the specific accounts at issue, *Medicare or Medicaid invoice numbers, and payment amounts*); *Osheroff*,

---

presentment of a false statement is an element of the cause of action and the *sine qua non* of liability." *Id.* at 1230.

2012 U.S. Dist. LEXIS 96434, at *20 (relator attached an exhibit to his complaint showing thousands of claims "***presented to Medicaid*** for reimbursement") (emphasis supplied); *U.S. ex rel. Willis v. Angels of Hope Hospice, Inc.*, No. 5:11-CV-041(MTT), 2014 U.S. Dist. LEXIS 20959, at *6, 24 (M.D. Ga. Feb. 20, 2014) (relator alleged that managers instructed personnel to admit patients ***for the purpose of obtaining payment from Medicare*** whether or not patients qualified).

Relators also cite a pre-*Clausen*, pre-*Iqbal* district court case, *U.S. ex rel. Kozhukh v. Constellation Technology Corp.*, 64 F. Supp. 2d 1239 (M.D. Fla. 1999), citing *Conley v. Gibson*, 355 U.S. 41 (1957), in support of Relators' argument that they are entitled to a "relaxed" Rule 9(b) standard because defendants have exclusive control of relevant documents. Relators are not entitled to a relaxed standard. In *Clausen*, the Eleventh Circuit "reject[ed] Clausen's argument that we should apply a more lenient pleading standard because evidence of fraud was uniquely held by the defendant." 290 F.3d at 1314 n.25.[2] Moreover, *Kozhukh* is a fraudulent inducement case, in which all claims submitted under the fraudulently obtained contract would be improper and so the identification of specific false claims is not critical, unlike in this case where the content of the claim is what allegedly would make it false. Regardless of what Rule 9(b) pleading standard is applied, Relators have not satisfied it.[3]

---

[2]   The relators in the cases cited by Relators as satisfying a relaxed pleading standard provided far more detailed information about billing than Relators supply here. *See, e.g., U.S. ex rel. Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1030-32, 1036 (S.D. Fla. 2007) (relator was the director of the defendant's billing department, attached redacted bills to the complaint, and identified specific example bills submitted by date of service, amount, and specific forms completed); *Hill v. Morehouse Med. Assocs., Inc.*, No. 02-14429, 2003 U.S. App. LEXIS 27956, at *14 (11th Cir. Aug. 15, 2003) (relator worked in the billing department and personally observed billers alter codes on bills submitted to Medicare).

[3]   Relators say that if they had used confidential peer review information to pursue this action, the Baptist Defendants "would undoubtedly accuse them of improper conduct in misappropriating" it. (Response at 6.) Relators ***did*** use confidential peer review information to

6

### B. Relators' Declarations Are Not Properly Considered on a Motion to Dismiss.

Recognizing that their Amended Complaint does not satisfy Rule 9(b), Relators seek to supplement their Amended Complaint with declarations. Such declarations are not properly considered on a Motion to Dismiss. *See, e.g., Wennerstein v. Commercial Diver Servs., N.A.,* No. 12-60975-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 109466, at *1 n.1 (S.D. Fla. Aug. 3, 2012) (refusing to consider affidavit when ruling on motion to dismiss); *Bruhl v. Price WaterhouseCoopers Int'l*, No. 03-23044-Civ-MARRA, 2007 U.S. Dist. LEXIS 21885, at *18 (S.D. Fla. Mar. 27, 2007) (plaintiff may not supplant allegations made in the complaint with new allegations raised in response to a motion to dismiss). This Court should therefore not consider Relators' Declarations in deciding the Motion to Dismiss. The Declarations would not save Relators' claims or justify leave to amend for the reasons set forth in Section IV below.

### III. PARENT CORPORATION BAPTIST HEALTH SHOULD BE DISMISSED, AS RELATORS STILL DO NOT ALLEGE ANY DIRECT PARTICIPATION IN FALSE CLAIMS OR PLEAD VEIL-PIERCING.

To state an FCA claim against a parent or related company, the related company must either be "directly liable for its own role in the submission of false claims" or "liable under a veil piercing or alter ego theory." *U.S. ex rel. Pfeifer v. ELA Med., Inc.*, No. 07-cv-1460-WDM-MEH, 2010 U.S. Dist. LEXIS 45656, at *39 (D. Colo. Mar. 31, 2010). Relators do not attempt to argue in their response that parent corporation Baptist Health South Florida, Inc. ("Baptist Health") had any direct involvement in the submission of false claims. *See* Baptist Motion at 16-17. Instead, Relators appear to be arguing for veil-piercing, by claiming that Baptist Health and its CEO "exerted control" over the hospitals and that the Baptist Defendants were "a common enterprise." Response at 16. Even if these allegations were in the Amended Complaint, which

---

bring this suit, which the Baptist Defendants believe is improper. But whether Relators engaged in improper conduct is neither here nor there for purposes of this Motion.

7

they are not, they do not suffice to pierce the corporate veil to state a claim against Baptist Health.  Allegations that related-entity defendants operated as a "unitary…system," had overlapping senior management, and shared executives are not sufficient to pierce the corporate veil.  *See, e.g., U.S. ex rel. Heesch v. Diagnostic Physicians Grp., P.C.*, No. 11-000364-KD-B, 2014 U.S. Dist. LEXIS 71170, at *22 (S.D. Ala. Apr. 11, 2014); *U.S. ex rel. Schaengold v. Mem'l Health, Inc.*, 4:11-cv-548, 2014 U.S. Dist. LEXIS 169555, at *29 (S.D. Ga. Dec. 8, 2014).

Relators also do not argue that they satisfy the second element required for piercing the corporate veil, specifically, that an inequitable result would follow should the corporate entities be respected as separate.  Baptist Motion at 18.  Mere allegations regarding a parent's knowledge of alleged fraud are insufficient to satisfy this requirement.  *See, e.g., U.S. v. Universal Health Servs.*, No. 1:07CV00054, 2010 U.S. Dist. LEXIS 116432, at *13 (W.D. Va. Oct. 31, 2010).  Baptist Health should be dismissed from this case, and Relators' request for written discovery and depositions regarding the corporate relationship of the Baptist Defendants should be denied.  Relators do not get a "ticket to the discovery process" unless and until they satisfy Rule 9(b), *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006), which they have not done.

**IV.    RELATORS SHOULD NOT BE GRANTED LEAVE TO AMEND.**

Relators have not followed the proper procedures for seeking leave to amend pursuant to Local Rule 15.1, as they have not filed a Motion for Leave to Amend, nor have they attached a proposed Second Amended Complaint.  Relators argue that they "must be given at least one opportunity to amend" (Response at 17), but they already amended once, and Rule 15(a)(1)'s 21-day period for amendment has expired.  Relators should not be given another opportunity to amend, particularly when they have not followed the appropriate procedure for doing so.

8

Relators have submitted Declarations in support of their request for leave to amend, but those Declarations make clear that amendment would be futile, certainly as to the Baptist Defendants, and so leave to amend should be denied. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Amendment is futile when "the complaint as amended is still subject to dismissal," *Brewer v. Comm'r*, 435 F. Supp. 2d 1174, 1176 (S.D. Ala. 2006) (quoting *Hall*, 367 F.3d at 1263), because the proposed amendments to a complaint "fail … to correct the deficiencies" of earlier versions. *M.G. v. St. Lucie County Sch. Bd.*, 741 F.3d 1260, 1263 (11th Cir. 2014). Relators' Declarations provide nothing in support of leave to amend any FCA claim based on the Stark Law, and their allegations as to billing or claims submitted to the government are still wholly conclusory and insufficient under any reading of Rule 9(b) pleading standards.  The Declarations allege billing of Medicare by "Dr. Dylewski" (Burks Decl. ¶ 13) or by "the Defendants" (Burks Decl. ¶ 8; Davenport Decl. ¶ 9), but they do not allege billing by any Baptist Defendant, or even general descriptions of any Baptist Defendant's billing processes.  The Declarations recite instances of alleged improper procedures performed by Dr. Dylewski and that one or both Relators raised issues about this "to no avail" (Burks Decl. ¶¶ 3-4), but Relators do not connect this alleged conduct to any claims submitted to the government.

Relators assert that the seven patients listed in the Amended Complaint were all Medicare patients (Burks Decl. ¶ 8), but that allegation lacks indicia of reliability, as not all the patients were old enough to typically qualify for Medicare.  AC ¶ 110.  Moreover, Relators do not provide the details of any such claims such as bill date, bill amounts, or payments received. Perhaps most importantly, neither of Relators' Declarations even mention any claims by any of the Baptist Defendants to TRICARE or CHAMPUS, or any other certification of medical

necessity by the Baptist Defendants.  Relators' Declarations make clear that Relators cannot state a claim against the Baptist Defendants, and therefore all claims against the Baptist Defendants should be dismissed with prejudice and without leave to amend.  *See, e.g., Britton*, 2015 U.S. App. LEXIS 21373, at *8 (affirming dismissal without leave to amend).

## CONCLUSION

For the reasons stated above and those set forth in the Baptist Defendants' Motion to Dismiss, the Baptist Defendants respectfully request that this Court grant the Baptist Defendants' Motion to Dismiss Relators' Amended Complaint, with prejudice.

Dated:  April 25, 2016

       Respectfully submitted,

       FOLEY & LARDNER LLP
**Michael P. Matthews**
Florida Bar No. 63988
mmatthews@foley.com
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
Telephone:  (813) 225-4131
Facsimile:  (813) 221-4210

**Angelica L. Boutwell**
Florida Bar No. 105069
aboutwell@foley.com
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
Telephone:  (305) 482-8400
Facsimile:  (305) 482-8600

By: */s/ Michael P. Matthews*
     Michael P. Matthews

*Counsel for Defendants Baptist Health South Florida, Inc., Baptist Hospital of Miami, Inc., and South Miami Hospital, Inc.*

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on April 25, 2016 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel listed on the attached Service List.

                */s/ Michael P. Matthews*
                Michael Matthews

SERVICE LIST
Burks, et al. vs. Dylewski, et al.
Case No. 1:14-cv-22079 –Ungaro/Otazo-Ryes

**Attorneys for Baptist Defendants**

Michael P. Matthews
mmatthews@foley.com
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
Telephone:  (813) 225-4131
Facsimile:  (813) 221-4210

Angelica L. Boutwell
aboutwell@foley.com
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1900
Miami, FL 33131
Telephone:  (305) 482-8400
Facsimile:   (305) 482-8600

**Attorneys for Relators:**

Tod Aronovitz
ta@aronovitzlaw.com
Barbara Perez
bp@aronovitzlaw.com
ARONOVITZ LAW
One Biscayne Tower
Suite 3700
2 South Biscayne Boulevard
Miami, FL 33131
(305) 372-2772 Telephone
(305) 397-1886 Facsimile

**Attorneys for Defendant John R. Dylewski, M.D.:**

Ronald Gainor
Amber Donner
gainorlaw@gmail.com
Gainor & Donner
3250 Mary Street, Suite 405
Miami, Florida 33131
(305) 537-2000 Telephone
(305) 537-2001 Facsimile

12

**Attorneys for USA:**

John C. Spaccarotella
John.Spaccarotella@usdoj.gov
Assistant U.S. Attorney
Southern District of Florida
99 NE 4th Street, Third Floor Miami
Florida 33132
(305) 961-9212 Telephone

13