UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:14-CV-22079 – UNGARO/OTAZO-REYES

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | ) |
| JAMES A. BURKS, M.D., and JAMES D. | ) |
| DAVENPORT, M.D., | ) |
| | ) |
| Plaintiffs/Relators, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN R. DYLEWSKI, M.D., BAPTIST | ) |
| HEALTH SOUTH FLORIDA, INC. d/b/a | ) |
| BAPTIST HEALTH SOUTH FLORIDA, and | ) |
| d/b/a MIAMI CARDIAC & VASCULAR | ) |
| INSTITUTE; BAPTIST HOSPITAL OF | ) |
| MIAMI, INC.; and SOUTH MIAMI | ) |
| HOSPITAL, INC., d/b/a SOUTH MIAMI | ) |
| HEART CENTER, | ) |
| | ) |
| Defendants. | ) |

**BAPTIST DEFENDANTS' ANSWER TO
RELATORS' SECOND AMENDED COMPLAINT**

Defendants Baptist Health South Florida, Inc. ("Baptist Health"), Baptist Hospital of
Miami, Inc. ("Baptist Hospital"), and South Miami Hospital, Inc. ("South Miami Hospital")
(collectively, the "Baptist Defendants"), by and through their undersigned counsel, hereby
answer the Second Amended Complaint brought by Relators, James A. Burks, M.D. ("Burks")
and James D. Davenport, M.D. ("Davenport") (collectively, "Relators") and respond to the
allegations as follows:[1]

---

[1] To the extent the Baptist Defendants answer together for ease and comprehensibility of
responding to the allegations in the Second Amended Complaint, the Baptist Defendants do not
admit that each of them have the same level of knowledge or participation in any allegation or
response thereto. For example, some entities may deny an allegation based on lack of
knowledge or information while another entity denies the allegation outright, but all entities deny
the allegation, so the reasons for the denial may not always be parsed out separately. Also, all

1.    The first sentence of Paragraph 1 is a legal conclusion to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations contained in the first sentence of Paragraph 1.  Upon information and belief, the Baptist Defendants admit that Dr. Burks and Dr. Davenport are physicians who served on various boards and committees.  The Baptist Defendants admit that Relators purport to bring an action to recover alleged damages and civil penalties and assert claims under the False Claims Act (the "FCA").  However, the Baptist Defendants deny that Relators have any valid claims as against them, or that Relators are entitled to any relief.  The Baptist Defendants deny the remaining allegations in Paragraph 1 of the Second Amended Complaint and any allegations inconsistent with the foregoing.

2.     The Baptist Defendants deny the allegations in Paragraph 2 of the Second Amended Complaint.

3.    The first sentence of Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations contained in the first sentence of Paragraph 3. Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that, before the statute of limitations bar date in this matter (as Relators acknowledge in footnote 4 of their Second Amended Complaint), Mr. and Mrs. L. Austin Weeks pledged $10 million to the South Miami Hospital Foundation, and Dr. Dylewski became the Medical Director of the electrophysiology program at South Miami Hospital.  The Baptist Defendants deny the remainder of the allegations

---

headings, subheadings, demands or other statements in the Second Amended Complaint not specifically admitted in this Answer are denied.

in Paragraph 3 of the Second Amended Complaint and any allegations inconsistent with the foregoing.

4.     Paragraph 4 consists of legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations contained in Paragraph 4 of the Second Amended Complaint.

5.     The Baptist Defendants admit that Relators purport to bring an action under the FCA, but the Baptist Defendants deny that Relators have any valid claims as against them or that Relators are entitled to any relief.  The Baptist Defendants deny the remaining allegations in Paragraph 5 of the Second Amended Complaint.

6.     Baptist Health lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies the same; Baptist Hospital admits only that Dr. Davenport was a member of the medical staff at Baptist Hospital, and otherwise lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies the same; South Miami Hospital admits that Dr. Davenport was a member of the medical staff at South Miami Hospital, that Dr. Burks was a member of the South Miami Heart Center Advisory Board, and that Dr. Burks served as Chief of Cardiovascular Clinical Service at the South Miami Heart Center in 2012-2013.  The Baptist Defendants deny the remaining allegations in Paragraph 6 of the Second Amended Complaint.

7.     The Baptist Defendants admit that the statute of limitations limits claims to conduct occurring on or after June 5, 2008.  The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended

4820-0858-4244.5

Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

8.      The Baptist Defendants deny the allegations in Paragraph 8 of the Second Amended Complaint.

9.      The Baptist Defendants deny the allegations in Paragraph 9 of the Second Amended Complaint.

10.      The Baptist Defendants deny the allegations in Paragraph 10 of the Second Amended Complaint.

11.      The Baptist Defendants deny the allegations in Paragraph 11 of the Second Amended Complaint.

12.      Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 12 of the Second Amended Complaint.

13.      Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 13 of the Second Amended Complaint.

14.      Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 14 of the Second Amended Complaint.

15.      The Baptist Defendants admit that Relators purport to bring an action to recover alleged damages and civil penalties under the FCA.  The Baptist Defendants deny that Relators have any valid claims as against them or that Relators are entitled to any of the requested relief.

4820-0858-4244.5

The Baptist Defendants deny the remaining allegations in Paragraph 15 of the Second Amended Complaint.

16.     The Baptist Defendants admit that Relators purport to bring an action to recover alleged damages and civil penalties between $5,500 and $11,000 per claim under the FCA, 31 U.S.C. § 3729, *et. seq.*   However, the Baptist Defendants deny that Relators have any valid claims as against them or that Relators are entitled to any of the requested relief.   The Baptist Defendants deny the remaining allegations in Paragraph 16 of the Second Amended Complaint.

17.     The Baptist Defendants admit that the Court has subject-matter jurisdiction over this action, except to the extent that subject-matter jurisdiction may not exist pursuant to 31 U.S.C. § 3730(e)(3) or (4).

18.     The Baptist Defendants admit that this Court has personal jurisdiction over them, but deny committing acts proscribed by law and deny any remaining allegations in Paragraph 18 of the Second Amended Complaint.

19.     The Baptist Defendants admit that venue is proper within the Southern District of Florida, but deny the alleged acts and practices asserted in the Second Amended Complaint and deny any remaining allegations in Paragraph 19 of the Second Amended Complaint.

20.     The allegations in Paragraph 20 set forth legal conclusions to which no response is required.   To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 20 to the extent they are inconsistent with the text of the FCA and are incomplete recitations of the legal requirements to bring a claim under the FCA.

21.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that Dr. Burks was a member of the medical staff at South Miami

Hospital and was a member of various committees at South Miami Hospital, including the Credentialing Committee and the Heart Center Advisory Board. The Baptist Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 21 of the Second Amended Complaint, and therefore deny the same.

22.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that Dr. Davenport was a member of the medical staff at South Miami Hospital, and that Dr. Davenport was previously a member of various committees at South Miami Hospital, including the Electrophysiology Committee and the Heart Center Advisory Board. The Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 22 of the Second Amended Complaint, and therefore deny the same.

23.     The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 23 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

24.     The Baptist Defendants deny the allegations in Paragraph 24 to the extent the allegations in the Second Amended Complaint are based on information that Relators received from the federal government during its investigation or other sources that are not based on Relators' personal knowledge. The Baptist Defendants otherwise lack knowledge or information

sufficient to form a belief regarding the truth of the allegations in Paragraph 24 of the Second Amended Complaint, and therefore deny the same.

25.     The Baptist Defendants deny the allegations in Paragraph 25 to the extent the allegations in the Second Amended Complaint are based on information that Relators received from the federal government during its investigation or other public disclosures.  The Baptist Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 25 of the Second Amended Complaint, and therefore deny the same.

26.     Paragraph 26 states a legal conclusion to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 26 of the Second Amended Complaint.

27.     The Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 27 of the Second Amended Complaint, and therefore deny the same.

28.     The allegations in Paragraph 28 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 28 of the Second Amended Complaint, and therefore deny the same.

29.     The Baptist Defendants admit that Baptist Health is a Florida not-for-profit corporation, with its headquarters located in Coral Gables, Florida, and that it and its affiliates employ approximately 15,000 employees, but deny that it employs more than 2,200 physicians. The Baptist Defendants deny any remaining allegations in Paragraph 29 of the Second Amended Complaint and any allegations inconsistent with the foregoing.

4820-0858-4244.5

30. Baptist Health admits that it operates several facilities in South Florida, including Defendants Baptist Hospital and South Miami Hospital, which have more than a million patient visits a year. The Baptist Defendants deny any remaining allegations in Paragraph 30 of the Second Amended Complaint and any allegations inconsistent with the foregoing.

31. Baptist Health admits that it is the parent corporation of Baptist Hospital and South Miami Hospital, as well as other hospital organizations. The Baptist Defendants deny any remaining allegations in Paragraph 31 of the Second Amended Complaint and any allegations inconsistent with the foregoing.

32. The Baptist Defendants admit that Baptist Hospital is a Florida not-for-profit corporation with its headquarters located in Miami, Florida, that Baptist Hospital is licensed with 728 beds, and that Baptist Hospital is a subsidiary of Baptist Health, as is South Miami Hospital. The Baptist Defendants deny any remaining allegations in Paragraph 32 of the Second Amended Complaint and any allegations inconsistent with the foregoing.

33. The Baptist Defendants admit that South Miami Hospital is a Florida not-for-profit corporation, with its headquarters located in South Miami, Florida. The Baptist Defendants deny any remaining allegations in Paragraph 33 of the Second Amended Complaint and any allegations inconsistent with the foregoing.

34. The Baptist Defendants admit that South Miami Hospital is licensed with 452 beds, that South Miami Hospital housed the South Miami Heart Center, and that South Miami Hospital is a subsidiary of Baptist Health. The Baptist Defendants deny any remaining allegations in Paragraph 32 of the Second Amended Complaint and any allegations inconsistent with the foregoing.

4820-0858-4244.5

35.     Paragraph 35 contains legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations contained in Paragraph 35 of the Second Amended Complaint.

36.     The allegations in Paragraph 36 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 36 to the extent they are inconsistent with the text of the FCA and are incomplete recitations of the legal requirements to bring a claim under the FCA.

37.     The allegations in Paragraph 37 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 37 to the extent they are inconsistent with the text of the FCA and are incomplete recitations of the legal requirements to bring a claim under the FCA.

38.     The allegations in Paragraph 38 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 38 to the extent they are inconsistent with the text of the FCA and other legal citations in this paragraph and are incomplete recitations of the legal requirements to bring a claim under the FCA.

39.     The allegations in Paragraph 39 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 39 to the extent they are inconsistent with the text of the statutes referenced therein and are incomplete recitations of the law cited.

40.     To the extent the allegations in Paragraph 40 set forth legal conclusions, no response is required.  To the extent a response is required as to those allegations, the Baptist Defendants deny the allegations in Paragraph 40 to the extent they are inconsistent with the text

of the statutes referenced therein and are incomplete recitations of the law cited.  The Baptist Defendants deny the remaining allegations in Paragraph 40 of the Second Amended Complaint.

41.     The allegations in Paragraph 41 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 41 to the extent they are inconsistent with the text of the statutes referenced therein and are incomplete recitations of the law cited and of the legal requirements to bring a claim under the FCA.

42.     The allegations in Paragraph 42 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 42 to the extent they are inconsistent with the text of the statutes referenced therein and are incomplete recitations of the law cited.

43.     The allegations in Paragraph 43 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants admit that CMS administers the Medicare program, and deny the allegations in Paragraph 43 to the extent they are inconsistent with the laws, rules, and regulations governing the Medicare program.

44.     The allegations in Paragraph 44 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants admit that fiscal intermediaries generally contract to administer and pay Medicare claims with federal funds, but deny the allegations in paragraph 44 to the extent they are inconsistent with the text of the laws referenced therein or the laws, rules, and regulations governing the Medicare program or are incomplete recitations of such law.

45.     The allegations in Paragraph 45 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny that the allegations

4820-0858-4244.5

in the Second Amended Complaint legitimately involve bills to Medicare by any of the Baptist Defendants, deny the allegations of Paragraph 45 to the extent they are inconsistent with the text of the laws referenced therein or the laws, rules, and regulations governing the Medicare program or are incomplete recitations of such law, and deny any remaining allegations in Paragraph 45 of the Second Amended Complaint.

46.     The allegations in Paragraph 46 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 46 to the extent they are inconsistent with the laws, rules, and regulations governing the Medicare program, admit that Baptist Hospital and South Miami Hospital derive a portion of revenue from the Medicare program, lack knowledge or information sufficient to form a belief regarding the truth of the allegations as to the revenue of "most hospitals" and therefore deny the same, and deny the remaining allegations in Paragraph 46 of the Second Amended Complaint.

47.     The Baptist Defendants admit that fiscal intermediaries generally contract with the government to receive, administer, and pay Medicare claims.  The Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 47 of the Second Amended Complaint, and therefore deny the same.

48.     The Baptist Defendants admit that Baptist Hospital and South Miami Hospital submit appropriate claims or other bills to respective payors for payment, including UB-04 or UB-92 claim submissions with respect to Medicare, which contain information such as codes indicating services provided.  The Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 48 of the Second Amended Complaint, and therefore deny the same.

49.     The allegations in Paragraph 49 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 49 to the extent they are inconsistent with the text of the regulation or statute referenced therein or the laws, rules, and regulations governing the Medicare program, admit that hospitals submit hospital cost reports, and deny any remaining allegations in paragraph 49 of the Second Amended Complaint.

50.     The allegations in Paragraph 50 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 50 to the extent they are inconsistent with the laws, rules, and regulations governing the Medicare program.  The Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 50 of the Second Amended Complaint, and therefore deny the same.

51.     The allegations in Paragraph 51 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 51 to the extent they are inconsistent with the text of the regulation or statute referenced therein or the laws, rules, and regulations governing the Medicare program. The Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 51 of the Second Amended Complaint, and therefore deny the same.

52.     The allegations in Paragraph 52 contain legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 52 to the extent they are inconsistent with the laws, rules, and regulations governing the Medicare program.   The Baptist Defendants lack information and knowledge sufficient to

12

form a belief as to what is "generally known throughout the health care industry" or what the government relies on or believes the purpose of hospital cost reports is, and therefore deny all allegations to that effect. The Baptist Defendants deny the remaining allegations in Paragraph 52 of the Second Amended Complaint.

53.     The allegations in Paragraph 53 set forth a legal conclusion to which no response is required. To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 53 to the extent they are inconsistent with the text of the form referenced therein or of any applicable law, rule, regulation, or guidance, or reflect an incomplete recitation of such form.

54.     The Baptist Defendants deny the allegations in Paragraph 54 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, the Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 54 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; the last sentence of this paragraph and any remaining allegations are denied.

55.     The allegations in Paragraph 55 set forth a legal conclusion to which no response is required. To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 55 to the extent they are inconsistent with the form referenced therein, or of any other applicable law, rule, regulation, or guidance; the Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 55 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

4820-0858-4244.5

56.     The allegations in Paragraph 56 set forth a legal conclusion to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 56 to the extent they are inconsistent with the form referenced therein, or with any other applicable law, rule, regulation, or guidance; the Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 56 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

57.     The allegations in Paragraph 57 set forth a legal conclusion to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 56 to the extent they are inconsistent with the form referenced therein, or with any other applicable law, rule, regulation, or guidance; the Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 57 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

58.     The allegations in Paragraph 58 set forth a legal conclusion to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 58 to the extent they are inconsistent with the text of the statute referenced therein, or of any other applicable law, rule, regulation, or guidance.  The Baptist Defendants deny any remaining allegations in Paragraph 58 of the Second Amended Complaint.

59.     The allegations in Paragraph 59 set forth a legal conclusion to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in

Paragraph 59 to the extent they are inconsistent with the text of the statute and regulations referenced therein.  The Baptist Defendants deny any remaining allegations in Paragraph 59 of the Second Amended Complaint, including denying any allegation that claims any Baptist Defendant submitted certified medical necessity for purposes of Medicare or Medicaid.

60.     The allegations in Paragraph 60 set forth a legal conclusion to which no response is required.   To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 60 to the extent they are inconsistent with the text of the statutes and regulations referenced therein.  The Baptist Defendants deny any remaining allegations in Paragraph 60 of the Second Amended Complaint, including denying any allegation that claims any Baptist Defendant submitted certified medical necessity for purposes of Medicare or Medicaid.

61.     The allegation in Paragraph 61 sets forth a legal conclusion to which no response is required.   To the extent a response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 61 of the Second Amended Complaint, including but not limited to, who or what defines or believes what lack of medical necessity "is known as," and therefore deny the same.

62.     The allegations in Paragraph 62 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 62 to the extent they are inconsistent with the text of the statutes and regulations referenced therein.  The Baptist Defendants deny any remaining allegations in Paragraph 62 of the Second Amended Complaint.

63.     The allegations in Paragraph 63 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 63 to the extent they are inconsistent with the text of the statutes referenced therein.

15

The Baptist Defendants deny any remaining allegations in Paragraph 63 of the Second Amended Complaint.

64.    The allegations in Paragraph 64 sets forth a legal conclusion to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 64 to the extent they are inconsistent with the text of the statute referenced therein. The Baptist Defendants deny any remaining allegations in Paragraph 64 of the Second Amended Complaint.

65.    The allegations in Paragraph 65 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 65 to the extent they are inconsistent with the regulations referenced therein.  The Baptist Defendants deny any remaining allegations in Paragraph 65 of the Second Amended Complaint.

66.    The allegations in Paragraph 66 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 66 to the extent they are inconsistent with the regulation referenced therein.

67.    The allegations in Paragraph 67 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 67 to the extent they are inconsistent with the regulation referenced therein.

68.    The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 68 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

4820-0858-4244.5

69.     The allegations in Paragraph 69 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 69 to the extent they are inconsistent with the statutes referenced therein, or with any other applicable law, rule, regulation, or guidance related to the Medicaid program, admit that Medicaid is a program of medical assistance for indigent individuals, and deny any remaining allegations in paragraph 69.

70.     The allegations in Paragraph 70 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 70 to the extent they are inconsistent with or are Relators' interpretations of the statutes and regulations referenced therein, admit that TRICARE was formerly known as CHAMPUS, which provides health care benefits to eligible beneficiaries including service members and dependents, and deny any remaining allegations in Paragraph 70.

71.     The Baptist Defendants admit that, in the course of billing Medicare for a procedure or service performed at Baptist Hospital or South Miami Hospital, the appropriate personnel typically assign a control number; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 71 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

72.     The Baptist Defendants admit that, when preparing a claim for submission to the government for Medicare reimbursement, the appropriate personnel typically generated a UB-4 or UB-92 claim, which contained information such as codes indicating services provided; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 72 of the Second Amended Complaint relating to individuals or

17

entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

73.    The allegations in Paragraph 73 contain legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 73 to the extent they are inconsistent with applicable CMS rules, regulations, or guidance; the Baptist Defendants admit that a UB-4 or UB-92 claim submission is typically submitted sooner than 120 days after services are provided to Medicare beneficiaries; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 73 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

74.    The Baptist Defendants admit that claims to the appropriate federal health care programs are often submitted for services performed for patients who are beneficiaries of those programs, but deny that claims are submitted for every single good or service provided to every single beneficiary of a federally-funded health care program; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 74 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

75.    The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 75 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

18

4820-0858-4244.5

76.     This paragraph contains Relators' expressions of general medical opinions about the field of cardiac electrophysiology, rather than facts relating to the Baptist Defendants that may be admitted or denied, so no response is required; to the extent any response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the general medical opinions expressed by the Relators in this paragraph, and therefore deny the same; any remaining allegations are denied.

77.     This paragraph contains Relators' expressions of general medical opinions about the field of cardiac electrophysiology, rather than facts relating to the Baptist Defendants that may be admitted or denied, so no response is required; to the extent any response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the general medical opinions expressed by the Relators in this paragraph, and therefore deny the same; any remaining allegations are denied.

78.     The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 78 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

79.     This paragraph contains Relators' expressions of general medical opinions about the field of cardiac electrophysiology, rather than facts relating to the Baptist Defendants that may be admitted or denied, so no response is required; to the extent any response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the general medical opinions expressed by the Relators in this paragraph, and therefore deny the same; any remaining allegations are denied.

19

80.     This paragraph contains Relators' expressions of general medical opinions about the field of cardiac electrophysiology, rather than facts relating to the Baptist Defendants that may be admitted or denied, so no response is required; to the extent any response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the general medical opinions expressed by the Relators in this paragraph, and therefore deny the same; the Baptist Defendants deny that this paragraph fully and accurately sets forth all possible indications for the procedures described; any remaining allegations are denied.

81.     This paragraph contains Relators' expressions of general medical opinions about the field of cardiac electrophysiology, rather than facts relating to the Baptist Defendants that may be admitted or denied, so no response is required; to the extent any response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the general medical opinions expressed by the Relators in this paragraph, and therefore deny the same; the Baptist Defendants deny that this paragraph fully and accurately sets forth all possible indications or criteria for the procedures described; any remaining allegations are denied.

82.     This paragraph contains Relators' expressions of general medical opinions about the field of cardiac electrophysiology, rather than facts relating to the Baptist Defendants that may be admitted or denied, so no response is required; to the extent any response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the general medical opinions expressed by the Relators in this paragraph, and therefore deny the same; any remaining allegations are denied.

83.     This paragraph contains Relators' expressions of general medical opinions about the field of cardiac electrophysiology, rather than facts relating to the Baptist Defendants that

20

may be admitted or denied, so no response is required; to the extent any response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the general medical opinions expressed by the Relators in this paragraph, and therefore deny the same; the Baptist Defendants deny that this paragraph fully and accurately sets forth all possible indications or criteria for the procedures described; any remaining allegations are denied.

84.     This paragraph and its subparts contain Relators' expressions of general medical opinions about the field of cardiac electrophysiology, rather than facts relating to the Baptist Defendants that may be admitted or denied, so no response is required; to the extent any response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the general medical opinions expressed by the Relators in this paragraph, and therefore deny the same; the Baptist Defendants deny that this paragraph fully and accurately sets forth all possible indications or criteria for the procedures described; any remaining allegations are denied.

85.     The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 85 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

86.     The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 86 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; as to the Relators'

21

expression of general medical opinion about tilt table tests, rather than facts relating to the Baptist Defendants that may be admitted or denied, no response is required; to the extent any response is required to those allegations, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the general medical opinions expressed by the Relators in this paragraph, and therefore deny the same; the Baptist Defendants deny that this paragraph fully and accurately sets forth all possible indications or criteria for the procedures described; any remaining allegations are denied.

87.     The Baptist Defendants deny the allegations in Paragraph 87 of the Second Amended Complaint.

88.     The Baptist Defendants admit that the statute of limitations limits claims to conduct occurring on or after June 5, 2008; the Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

89.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that in various time periods between 2009 and 2014, Dr. Burks served as a member of the South Miami Heart Center Advisory Board, and as Chair of the Cardiovascular Clinical Service Line, and that Dr. Dylewski's medical procedures were reviewed by various committees.  South Miami Hospital admits that between 2009 and 2014, Interventional Cardiology/Cardiac Surgery ("ICCS") committees typically included various types of cardiologists, radiologists, and surgeons, and that Dr. Ted Feldman and Dr. Francisco

Rodriguez Moran also participated in various committees.  The Baptist Defendants deny the remaining allegations in Paragraph 89 of the Second Amended Complaint and any allegations inconsistent with the foregoing.

90.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that Dr. Dylewski performed AV optimizations at South Miami Hospital, and that some procedures have been reviewed; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 90 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

91.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that Dr. Dylewski performed replacements of implantable cardiac devices at South Miami Hospital, and that some procedures have been reviewed; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 91 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

92.     The Baptist Defendants deny the allegations in Paragraph 92 of the Second Amended Complaint.

93.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same;

South Miami Hospital admits that Carol Biggs is a vice president at South Miami Hospital, working in cardiology, and that she attended committee meetings at South Miami Hospital related to cardiology, including periodic ICCS committee meetings attended by committee members.  The Baptist Defendants deny any remaining allegations in Paragraph 93 of the Second Amended Complaint.

94.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that Dr. Ted Feldman is a board certified cardiologist, with privileges to practice at South Miami Hospital, who attended meetings of medical staff committees he was appointed to at South Miami Hospital, including ICCS committee meetings, which Carol Biggs also attended.  The Baptist Defendants deny the remaining allegations in Paragraph 94 of the Second Amended Complaint.

95.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that Lincoln Mendez, the Chief Executive Officer of South Miami Hospital, attended various committee meetings between 2010 and 2014; any remaining allegations are denied.

96.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that Dolores Earle and Ellen Redick of Performance Improvement attended meetings of medical staff committees at South Miami Hospital, including committee meetings regarding Dr. Dylewski.   The Baptist Defendants lack knowledge or information

sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 96 of the Second Amended Complaint, and therefore deny the same.

97.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that Dr. Niberto Moreno, Chief of Cariothoracic Surgery, and Dr. Lynn Harrison, who was a cardiothoracic surgeon, also attended various committee meetings. The Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 97 of the Second Amended Complaint, and therefore deny the same.

98.     The Baptist Defendants deny the allegations of Paragraph 98 of the Second Amended Complaint.

99.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that ICCS committees reviewed certain services provided by Dr. Dylewski; the remaining allegations of Paragraph 99 of the Second Amended Complaint are denied.

100.     The Baptist Defendants lack knowledge or information sufficient to form an opinion regarding the truth of the allegations in Paragraph 100 of the Second Amended Complaint, and therefore deny the same.

101.     Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that Carol Biggs attended committee meetings at South Miami Hospital related to cardiology, including ICCS committee meetings, and meetings in which Dr.

4820-0858-4244.5

Dylewski's procedures and privileges were discussed.  The Baptist Defendants deny the remaining allegations in Paragraph 101 of the Second Amended Complaint.

102.    Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that some of Dr. Dylewski's patients were ill and elderly; the remaining allegations of Paragraph 102 of the Second Amended Complaint are denied.

103.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Burks purports to know about procedures performed by Dr. Dylewski, and therefore deny the allegations pertaining to the same. As to the remaining allegations of Paragraph 103 of the Second Amended Complaint, Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that meetings occurred at which Dr. Dylewski's procedures and privileges were discussed; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 103 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

104.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Burks purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. As to the remaining allegations of this paragraph of the Second Amended Complaint, Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the

26

allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that meetings occurred at which Dr. Dylewski's procedures were discussed; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

105.    Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that Dr. Ted Feldman was Medical Director of the South Miami Heart Center and that Dr. Feldman participated in various discussions regarding Dr. Dylewski's privileges and procedures; the remaining allegations of Paragraph 105 of the Second Amended Complaint are denied.

106.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Burks purports to know, and therefore deny the allegations pertaining to the same. Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that Dr. Harry Aldrich has served as the Chief of the South Miami Hospital Cardiovascular Clinical Service line, and that Dr. Aldrich attended various committee meetings, including meetings regarding Dr. Dylewski.   As to the remaining allegations of Paragraph 106 of the Second Amended Complaint, any allegation relating to the Baptist Defendants is denied; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 106 of the Second Amended Complaint

27

relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

107.     The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Burks's personal knowledge and therefore deny the allegations pertaining to the same.  Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that certain of Dr. Dylewski's procedures have been reviewed that Carol Biggs and that Lincoln Mendez attended various meetings regarding Dr. Dylewski.  As to the remaining allegations of Paragraph 107 of the Second Amended Complaint, any allegation relating to the Baptist Defendants is denied; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 107 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

108.     The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Burks purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same.  The Baptist Defendants admit that the bylaws and policies applicable to the medical staffs at Baptist Hospital and South Miami Hospital provide that when a concern or question involving clinical competence or the behavior or conduct of a physician has been referred to each hospital's Medical Executive Committee, each respective Medical Executive Committee will determine whether to conduct an investigation or to direct that the matter be handled pursuant to a different hospital policy.  As to the remaining allegations, Baptist Health and Baptist Hospital lack knowledge or information

sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that committees, some of which included as members Dr. Burks, Dr. Ted Feldman (board certified in cardiovascular disease and the former medical director of the cardiovascular departments at Baptist Hospital and South Miami Hospital), Dr. Daniel Krauthamer (board certified in interventional cardiology, and medical director of the Cardiac Catheterization Lab at South Miami Hospital), or Dr. Hakop Hrachian (board certified in cardiovascular disease and clinical cardiac electrophysiology), reviewed cases involving procedures that Dr. Dylewski performed at South Miami Hospital.  As to the remaining allegations in Paragraph 108 of the Second Amended Complaint, the Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 108 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

109.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Burks purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same.  As to the remaining allegations of Paragraph 109 of the Second Amended Complaint, Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that meetings occurred at which Dr. Dylewski's privileges and procedures were discussed; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 109 of

the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

110.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Burks purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. As to the remaining allegations of Paragraph 110 of the Second Amended Complaint, Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that meetings occurred, including meetings attended by Dr. Harry Aldrich, at which Dr. Dylewski's AV optimization procedures were discussed; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 110 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

111.    The Baptist Defendants deny the allegations in Paragraph 111 of the Second Amended Complaint.

112.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Burks purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same.  As to the remaining allegations of Paragraph 112 of the Second Amended Complaint, Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the

30

allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that meetings occurred at which Dr. Dylewski's cardiac device replacement procedures were discussed; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 112 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

113.    The Baptist Defendants deny the allegations in Paragraph 113 of the Second Amended Complaint.

114.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Burks purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. As to the remaining allegations of Paragraph 114 of the Second Amended Complaint, Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that meetings occurred at which Dr. Dylewski's procedures were discussed and medical records were reviewed; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 114 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

115.    The Baptist Defendants deny the allegations in Paragraph 115 of the Second Amended Complaint.

4820-0858-4244.5

116.     The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Burks purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. As to the remaining allegations of Paragraph 116 of the Second Amended Complaint, the Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 116 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

117.     The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Burks purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. As to the remaining allegations of Paragraph 117 of the Second Amended Complaint, the Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 117 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

118.     The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 118 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

119.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Burks's personal knowledge and therefore deny the allegations pertaining to the same. The Baptist Defendants also deny the allegations in Paragraph 119 to the extent the allegations in the Second Amended Complaint are based on information that Relators received from the government during its investigation, which information is not based on Relators' personal knowledge.  The Baptist Defendants admit that attendees of peer review committee meetings had a duty not to publicly reveal confidential information imparted to them in such meetings, and admit that Dr. Burks breached this duty.  The Baptist Defendants deny the remaining allegations in Paragraph 119 of the Second Amended Complaint.

120.    Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that Dr. Davenport was a member of the medical staff at South Miami Hospital, admits that Dr. Dylewski is a cardiac electrophysiologist, and admits that Dr. Davenport is a cardiologist and cardiac electrophysiologist.  The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 120 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

121.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a

33

belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that Dr. Davenport and Dr. Dylewski worked as members of the medical staff at South Miami Hospital; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 121 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

122.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that Dr. Dylewski, Dr. Davenport, and other electrophysiologists worked as members of the medical staff at South Miami Hospital; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 122 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

123.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that Dr. Davenport and Dr. Dylewski worked as members of the medical staff at South Miami Hospital

4820-0858-4244.5

and may have had occasion to use the same facilities as part of their respective practices; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 123 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

124.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that Rolando Marino is an employee and EP specialist at South Miami Hospital; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 124 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

125.    The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 125 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

126.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South

Miami Hospital denies any allegation relating to the Baptist Defendants, other than that Carol Biggs participated in discussions regarding Dr. Dylewski's procedures and conduct; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 126 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

127.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that Carol Biggs participated in discussions regarding procedures; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 127 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

128.    Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits only that Dr. Davenport, Dr. Dylewski, Hakop Hrachian, M.D., Giancarlo Speziani, M.D., and Elie Haddad, M.D., all worked as members of the medical staff at South Miami Hospital in electrophysiology between 2008 and 2014 and denies any remaining allegations relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 128 of

36

the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

129.    Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that Dr. Davenport, Dr. Dylewski, Hakop Hrachian, M.D., and Giancarlo Speziani, M.D. were members of an electrophysiology committee at South Miami Hospital; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 129 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

130.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 130 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

131.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 131 of the Second Amended Complaint relating to individuals or

entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

132.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 132 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

133.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding Dr. Davenport's personal knowledge and therefore deny the allegations pertaining to the same.  Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 133 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

134.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Davenport purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 134 of

the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

135.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Davenport purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 135 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

136.    Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that Dr. Davenport and other electrophysiologists were members of an electrophysiology committee at South Miami Hospital that received medical information about electrophysiology procedures, including procedures performed by Dr. Dylewski, and that Carol Biggs also received information about procedures; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 136 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

137.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Davenport purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended

Complaint, and therefore deny the allegations pertaining to the same. Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that attendees of peer review committee meetings had a duty not to publicly reveal confidential information imparted to them in such meetings and that Dr. Davenport breached this duty; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 137 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

138.     The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Davenport purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

139.     The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Davenport purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of

40

the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

140.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Davenport purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

141.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Davenport purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

142.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Davenport purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or

4820-0858-4244.5

information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

143.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Dr. Davenport purports to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

144.    The Baptist Defendants deny the allegations in Paragraph 144 of the Second Amended Complaint.

145.    The allegations in Paragraph 145 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 145 of the Second Amended Complaint to the extent they are inconsistent with the statutes or regulations referenced therein and are incomplete recitations of the law.

146.    The allegations in Paragraph 146 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 146 of the Second Amended Complaint to the extent they are inconsistent with the statute and any applicable rules, regulations, or guidance referenced and are incomplete recitations of the law.

147.    The allegations in Paragraph 147 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 147 of the Second Amended Complaint to the extent they are inconsistent with the statute referenced and are incomplete recitations of the law.

148.    The allegations in Paragraph 148 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 148 of the Second Amended Complaint to the extent they are inconsistent with the statute referenced and are incomplete recitations of the law.

149.    The allegations in Paragraph 149 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 149 of the Second Amended Complaint to the extent they are inconsistent with the statute referenced and are incomplete recitations of the law.

150.    The allegations in Paragraph 150 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 150 of the Second Amended Complaint to the extent they are inconsistent with the statute and regulations referenced and are incomplete recitations of the law.

151.    The allegations in Paragraph 151 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 151 of the Second Amended Complaint to the extent they are inconsistent with the statutes referenced and are incomplete recitations of the law.

152.    Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital admits that, before the statute of limitations bar date in this matter (as

43

Relators acknowledge in footnote 4 of their Second Amended Complaint), a patient of Dr.
Dylewski and the patient's wife pledged $10 million to the South Miami Hospital Foundation,
and Dr. Dylewski became the Medical Director of the electrophysiology program at South
Miami Hospital.  As to the remaining allegations, the Baptist Defendants deny any allegation
relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information
sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second
Amended Complaint relating to individuals or entities other than the Baptist Defendants, and
therefore deny the same; any remaining allegations are denied.

153.    Baptist Health and Baptist Hospital lack knowledge or information sufficient to
form a belief regarding the truth of the allegations in this paragraph and therefore deny the same;
South Miami Hospital admits that, before the statute of limitations bar date in this matter (as
Relators acknowledge in footnote 4 of their Second Amended Complaint), Mr. and Mrs. L.
Austin Weeks pledged $10 million to the South Miami Hospital Foundation, and Dr. Dylewski
became the Medical Director of the electrophysiology program at South Miami Hospital, as to
which he was compensated for his services consistent with fair market value until his agreement
expired.  As to the remaining allegations, the Baptist Defendants deny any allegation relating to
the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form
a belief regarding the truth of the allegations in this paragraph of the Second Amended
Complaint relating to individuals or entities other than the Baptist Defendants, and therefore
deny the same; any remaining allegations are denied.

154.    The Baptist Defendants deny the allegations in Paragraph 154 of the Second
Amended Complaint.

4820-0858-4244.5

155.    The allegations in Paragraph 155 set forth legal conclusions to which no response is required.   To the extent a response is required, Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies the allegations in Paragraph 155 of the Second Amended Complaint, other than that South Miami Hospital entered into a compensation agreement with Dr. Dylewski consistent with fair market value; as to any remaining allegations, the Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

156.    The Baptist Defendants deny all allegations relating to the Baptist Defendants, except that Baptist Hospital and South Miami Hospital admit that they submitted hospital cost reports to the government as required by applicable laws, rules, and regulations and that claims to the appropriate federal health care programs are often submitted for services performed for patients who are beneficiaries of those programs, but not CMS 1500 forms for any claims related to the subject of this lawsuit; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 156 of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

157.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended

4820-0858-4244.5

Complaint, and therefore deny the allegations pertaining to the same. As to the remaining allegations of this paragraph of the Second Amended Complaint, the Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

158.    The Baptist Defendants deny the allegations in Paragraph 158 of the Second Amended Complaint.

159.    The Baptist Defendants deny the allegations in Paragraph 159 of the Second Amended Complaint.

160.    Paragraph 160 contains legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations contained in Paragraph 160.

161.    The Baptist Defendants deny the allegations in Paragraph 161 of the Second Amended Complaint.

162.    The Baptist Defendants deny the allegations in Paragraph 162 of the Second Amended Complaint.

163.    This paragraph contains Relators' expressions of general opinions about fair market value and what other medical director positions require, rather than facts relating to the Baptist Defendants that may be admitted or denied, so no response is required; to the extent any response is required, the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the general opinions expressed by the Relators in this paragraph, and therefore deny the same; any remaining allegations are denied.

164.    The Baptist Defendants deny the allegations in Paragraph 164 of the Second Amended Complaint.

165.    The Baptist Defendants deny the allegations in Paragraph 165 of the Second Amended Complaint.

166.    The allegations in Paragraph 166 set forth legal conclusions to which no response is required.  To the extent a response is required, the Baptist Defendants deny the allegations in Paragraph 166 of the Second Amended Complaint.

167.    The Baptist Defendants deny the allegations in Paragraph 167 of the Second Amended Complaint.

168.    The Baptist Defendants deny the allegations in Paragraph 168 of the Second Amended Complaint.

169.    The Baptist Defendants deny the allegations in Paragraph 169 of the Second Amended Complaint.

170.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. Baptist Health and Baptist Hospital lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore deny the same; South Miami Hospital denies any allegation relating to the Baptist Defendants, other than that attendees of peer review committee meetings had a duty not to publicly reveal confidential information imparted to them in such meetings and that Relators breached this duty; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of

47

the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

171.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

172.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

173.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or

48

information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

174.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

175.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

176.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants

49

deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

177.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

178.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

179.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended

Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

180.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

181.    The Baptist Defendants lack knowledge or information sufficient to form a belief regarding what Relators purport to know about procedures performed by Dr. Dylewski, or regarding which procedures or patients Relators purport to refer to in the Second Amended Complaint, and therefore deny the allegations pertaining to the same. The Baptist Defendants deny any allegation relating to the Baptist Defendants; the Baptist Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph of the Second Amended Complaint relating to individuals or entities other than the Baptist Defendants, and therefore deny the same; any remaining allegations are denied.

182.    The Baptist Defendants deny the allegations in Paragraph 182 of the Second Amended Complaint.

183.    The Baptist Defendants deny the allegations in Paragraph 183 of the Second Amended Complaint.

184.    The Baptist Defendants deny the allegations in Paragraph 184 of the Second Amended Complaint.

185.    The Baptist Defendants reallege and reincorporate by reference their answers to all allegations of the Second Amended Complaint in response to this Paragraph 185.   Any allegations in paragraphs 1-185 not specifically admitted are denied.

186.    The Baptist Defendants admit only that Relators purport to bring an action to recover alleged damages and civil penalties and to assert claims under the FCA.   However, the Baptist Defendants deny that Relators have any valid claims as against them or that Relators are entitled to any of the requested relief; any remaining allegations are denied.

187.    The Baptist Defendants deny the allegations in Paragraph 187 of the Second Amended Complaint.

188.    The Baptist Defendants deny the allegations in Paragraph 188 of the Second Amended Complaint.

189.    The Baptist Defendants reallege and reincorporate by reference their answers to all allegations of the Second Amended Complaint in response to this Paragraph 189. Any allegations in paragraphs 1-189 not specifically admitted are denied.

190.    The Baptist Defendants deny the allegations in Paragraph 190 of the Second Amended Complaint.

191.    The Baptist Defendants deny the allegations in Paragraph 191 of the Second Amended Complaint.

192.    The Baptist Defendants deny the allegations in Paragraph 192 of the Second Amended Complaint.

193.    The Baptist Defendants deny the allegations in Paragraph 193 of the Second Amended Complaint.

194-210.   Pursuant to Relators' Voluntary Dismissal of Counts III through VI of the Second Amended Complaint filed on June 13, 2016 (D.E. 136), the Baptist Defendants do not respond to the allegations of those counts or the corresponding paragraphs 194-210.   To the extent any response is required to Counts III through VI of the Second Amended Complaint voluntarily dismissed by Relators or the corresponding paragraphs 194-210, the Baptist Defendants deny the allegations of each of those Counts and paragraphs.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Second Amended Complaint, the Baptist Defendants assert and allege the following Affirmative Defenses.   By alleging the defenses below, the Baptist Defendants do not in any way agree or concede that Relators have properly stated any cause of action in the Second Amended Complaint or that the Baptist Defendants have the burden of proof or persuasion with respect to any of their defenses.

## FIRST AFFIRMATIVE DEFENSE

The asserted causes of action are barred in whole or in part by the applicable statutes of limitations and by the doctrine of laches, estoppel, and waiver.   The statute of limitations bars all claims in this action based on conduct prior to June 5, 2008.

4820-0858-4244.5

### SECOND AFFIRMATIVE DEFENSE

Relators' action is barred by 31 U.S.C. § 3730(e)(4) because it is based upon allegations or transactions publicly disclosed in a federal report, hearing, audit, or investigation, and the Relators are not an "original source" as that term is defined by § 3730(e)(4)(B).

### THIRD AFFIRMATIVE DEFENSE

Relators' claims are barred because the Baptist Defendants did not make any false statements, records, or claims.  Among other things, the Baptist Defendants do not certify medical necessity for Medicare or Medicaid purposes.

### FOURTH AFFIRMATIVE DEFENSE

The damages alleged, if any, are the results of the acts or omissions committed by third parties, whose actions or inactions cannot be imputed to any of the Baptist Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Relators cannot pierce the corporate veil or otherwise hold Baptist Health or Baptist Hospital responsible for any alleged acts or omissions of South Miami Hospital, nor is any Baptist Defendant responsible for any alleged acts or omissions of Dr. Dylewski.

### SIXTH AFFIRMATIVE DEFENSE

Should any of the Baptist Defendants be held liable, which liability is specifically denied, to the extent Plaintiff seeks damages and/or penalties unrelated to or vastly greater than its actual damages, such damages or civil penalties would be unconstitutional because they would be in violation of the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

4820-0858-4244.5

## SEVENTH AFFIRMATIVE DEFENSE

The Baptist Defendants preserve and assert all affirmative defenses available under any applicable law. The Baptist Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, defenses available. Therefore, the Baptist Defendants reserve their right to supplement this Answer and to assert additional defenses in the event that discovery or other means indicate they would be appropriate.

## EIGHTH AFFIRMATIVE DEFENSE

Any agreements in effect during the relevant time period between Dr. Dylewski and any of the Baptist Defendants relating to the L. Austin Weeks Heart Rhythm Center and Center for Electrophysiology met the requirements of the Stark Law. Moreover, any "financial relationships" between Dr. Dylewski and any of the Baptist Defendants relating to Dr. Dylewski's position as the Medical Director of the L. Austin Weeks Heart Rhythm Center and Center for Electrophysiology met one or more of the exceptions to the Stark Law as set forth in 42 C.F.R. 411.357, and other applicable laws, rules, and regulations.

## NINTH AFFIRMATIVE DEFENSE

The asserted claims fail because differences in physicians' or medical experts' opinions or clinical judgments as to the necessity of procedures cannot prove falsity as required for a cause of action under the False Claims Act.

WHEREFORE, the Baptist Defendants deny that Relators are entitled to any relief whatsoever. The Baptist Defendants further request that this Court enter judgment in their favor and against Relators as follows:

4820-0858-4244.5

A.  That Relators take nothing by reason of their Second Amended Complaint and
that judgment be rendered in favor of the Baptist Defendants;

B.  That the Baptist Defendants be awarded their costs of suit incurred, pursuant to 31
U.S.C. § 3730(d)(4), including reasonable attorneys' fees; and

C.  For such other relief as this Court deems just and proper.

Dated: July 18, 2016

Respectfully submitted,
FOLEY & LARDNER LLP
**Michael P. Matthews**
Florida Bar No. 63988
mmatthews@foley.com
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
Telephone:  (813) 225-4131
Facsimile:  (813) 221-4210

**Angelica L. Boutwell**
Florida Bar No. 105069
aboutwell@foley.com
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
Telephone:  (305) 482-8400
Facsimile:   (305) 482-8600

By:  */s/ Michael P. Matthews*
     Michael P. Matthews

*Counsel for Defendants Baptist Health
South Florida, Inc. d/b/a Baptist Health
South Florida, and d/b/a Miami Cardiac &
Vascular Institute; Baptist Hospital of
Miami, Inc.; and South Miami Hospital,
Inc., d/b/a South Miami Heart Center*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on July 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel listed on the attached Service List.

*/s/ Michael P. Matthews*
Michael Matthews

4820-0858-4244.5

<u>SERVICE LIST</u>
Burks, et al. vs. Dylewski, et al.
<u>Case No. 1:14-cv-22079 –Ungaro/Otazo-Ryes</u>

**Attorneys for Baptist Defendants**

Michael P. Matthews
mmatthews@foley.com
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
Telephone:  (813) 225-4131
Facsimile:  (813) 221-4210

Angelica L. Boutwell
aboutwell@foley.com
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1900
Miami, FL 33131
Telephone:  (305) 482-8400
Facsimile:   (305) 482-8600

**Attorneys for Relators:**

Tod Aronovitz
ta@aronovitzlaw.com
Barbara Perez
bp@aronovitzlaw.com
ARONOVITZ LAW
One Biscayne Tower
Suite 3700
2 South Biscayne Boulevard
Miami, FL 33131
(305) 372-2772 Telephone
(305) 397-1886 Facsimile

Spencer Aronfeld
aronfeld@aronfeld.com
Aronfeld Trial Lawyers
3132 Ponce de Leon Boulevard
Coral Gables, FL 33134
(305) 441-0440 Telephone
(305) 441-0198 Facsimile

4820-0858-4244.5

**Attorneys for Defendant Dr. John R. Dylewski, M.D.:**

Ronald Gainor
Amber Donner
gainorlaw@gmail.com
Gainor & Donner
3250 Mary Street, Suite 405
Miami, Florida 33131
(305) 537-2000 Telephone
(305) 537-2001 Facsimile

**Attorneys for USA:**

John C. Spaccarotella
John.Spaccarotella@usdoj.gov
Assistant U.S. Attorney
Southern District of Florida
99 NE 4th Street, Third Floor Miami
Florida 33132
(305) 961-9212 Telephone

4820-0858-4244.5