UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-22079-Ungaro/Otazo-Reyes

UNITED STATES OF AMERICA, *ex rel.*
JAMES A. BURKS, M.D., and JAMES D.
DAVENPORT, M.D.,

        Plaintiffs/Relators,

v.

JOHN R. DYLEWSKI, M.D., BAPTIST
HEALTH SOUTH FLORIDA, INC. d/b/a
BAPTIST HEALTH SOUTH FLORIDA, and
d/b/a MIAMI CARDIAC & VASCULAR
INSTITUTE; BAPTIST HOSPITAL OF
MIAMI, INC.; and SOUTH MIAMI
HOSPITAL, INC., d/b/a SOUTH MIAMI
HEART CENTER,

        Defendants.
_____/

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

        To provide for the prompt, efficient and orderly production of documents, to preserve and maintain the confidentiality of certain documents and information that may be produced in this litigation by the parties and/or by any non-party, to comply with all state and federal laws and regulations, and to adequately protect individual identifiable health information, and other information, entitled to confidentiality, the parties have agreed and the Court finds good cause to enter this Order, and, therefore, with the consent of all parties, it is hereby ORDERED:

1.    The Parties agree, on behalf of themselves, their counsel, their employees, representatives, agents, partners, and parent or subsidiary entities, that for purposes of the Parties producing information and documentation (a) as part of their prosecution or defense of this litigation, (b) in response to discovery requests, including interrogatories, requests for production of documents, or requests for admissions, and, (c) in response to questions during depositions,

the Parties may designate in good faith any discovery responses, documents, or other information produced, given, or filed as "Confidential Information," "Highly Confidential Information," or "Confidential Protected Health Information" (collectively, "Confidential Material") in accordance with the terms of this Stipulated Confidentiality and Protective Order (hereinafter, "Order" or "Agreement"). The protections conferred by this Agreement cover not only original materials containing Confidential Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, notes, derivatives, or compilations thereof, plus testimony, conversations, or presentations that might reveal Confidential Material. No person shall make copies of documents containing Confidential Information, Highly Confidential Information, or Confidential Protected Health Information except under the direction of counsel, when, in the judgment of counsel, such copies are reasonably necessary for the prosecution or defense of this litigation.

2.     This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any Party, including any non-party, in this proceeding (the "Disclosing Party") to any other party, including any non-party (the "Receiving Party"), when the same is designated by a party (the "Designating Party") with the procedures set forth herein. This Order is binding upon the parties to the Proceeding, as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order. This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

3.     The Parties expressly understand and agree that certain documents and information produced in this litigation may contain sensitive medical information regarding or relating to individuals who have a privacy interest in such information and that disclosure thereof would be contrary to the law and public interest. The Parties also understand and agree that such Confidential Protected Health Information (as defined in Paragraph 4) is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Florida law or other similar statutory or regulatory privacy protection ("HIPAA

Privacy and Security Rules"). The Parties agree that this Stipulated Confidentiality and Qualified Protective Order constitutes a Qualified Protective Order under 45 C.F.R. 164.512(e).

4. <u>Definitions</u>

(a) "Confidential Information" means information that constitutes a trade secret or reveals confidential research, development, business, financial, or commercial information or personal information that implicates individual privacy interests such as personal financial, tax or employment information or personal identifying information such as home addresses and telephone numbers. Confidential Information does not include information disclosed in the public domain.

(b) "Highly Confidential Information" means information that a party believes to be of such a highly sensitive nature, such as information that constitutes a trade secret or reveals confidential research, development, business, financial, peer review, quality review or commercial information or personal information, that disclosure of such information may result in substantial harm to the producing party unless restricted as set forth in Paragraph 7 of this Protective Order. Highly Confidential Information does not include information that has been disclosed in the public domain.

(c) "Confidential Protected Health Information" means information that may contain certain individually identifiable health information (defined as health information that is connected to the patient's name, address, Social Security number or other identifying number, including Health Insurance Claims number and including demographic information) relating to (i) the past, present, or future physical or mental condition of an individual, (ii) the provision of care to an individual, or (iii) the past, present, or future payment for health care services provided to an individual which identifies the individual or which reasonably could be expected to identify an individual. Such information is considered to be protected patient health information ("PHI") under the HIPAA Privacy and Security Rules.

(d) "Confidential Material" means any document(s), tangible things, testimony, information, or other material(s) designated as Confidential Information, Highly Confidential

Information, or Confidential Protected Health Information pursuant to Paragraph 4 of this Order and any information contained therein.

5.  Designation

(a)  A document (or portion of a document) or other material that a party or a non-party determines in good faith to contain Confidential Information, Highly Confidential Information, or Confidential Protected Health Information may be designated as such by (1) stamping the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL PROTECTED HEALTH INFORMATION" on the document or other material, (2) otherwise indicating the portion that is so designated, (3) employing other means provided for in this Order, or (4) using any other reasonable method agreed to by the parties. Any person or entity that has received a subpoena in this litigation to produce information or provide testimony may also designate Confidential Material and receive the protections set forth in this Agreement as if it were a party or signatory to the Agreement, provided that such person also agrees to all of the terms of this Agreement.  The non-party's endorsed Agreement shall be served by the requesting party on all other parties to the litigation, except that endorsed Agreements signed by non-testifying consulting experts retained by counsel may be kept in confidence by that counsel and need not be produced to other parties to the litigation absent Court order or agreement of the parties. No non-party shall produce Confidential Material to a party other than by being served with a subpoena, except that non-testifying consulting experts retained by counsel may provide opinions or other communications regarding Confidential Material to that counsel without a subpoena.

(b)  A party or a non-party may, on the record of a deposition or by written notice to opposing counsel not later than twenty-one (21) days after receipt of the deposition transcript, designate any portion(s) of the deposition as confidential based on a good-faith determination that any portions so designated constitute Confidential Information, Highly Confidential Information, or Confidential Protected Health Information. To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "CONFIDENTIAL PROTECTED HEALTH INFORMATION." The entire deposition transcript shall be treated as Confidential

4

Material until the time for designation has elapsed. The terms of subsection (4)(d) shall apply in full force and effect here.

(c)     Nothing in this Stipulated Confidentiality and Protective Order shall be deemed or construed to restrict or prejudice the right of any party or non-party to assert that certain information is so highly confidential as not to be subject to discovery or to seek additional protective relief with respect to any documents, tangible thing, or information sought in the course of discovery.

(d)     A party may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL PROTECTED HEALTH INFORMATION," any information contained in documents that are in the possession of a third party if the documents contain the party's Confidential Information, Highly Confidential Information, or Confidential Protected Health Information.

6.      Disclosure of Confidential Information

Confidential Information and any summary, description, analysis or report containing such Confidential Information, shall not be used, discussed, revealed or disclosed by the Receiving Party, except as otherwise herein may be allowed, in any manner or form to any person other than the following "Permitted Recipients":

(a)     Counsel of record for each party, and members, associates, or employees of their firms, and employees of those firms assigned to assist counsel in the prosecution, defense, or settlement of this action;

(b)     Inside counsel and paralegals, secretaries and staff of the parties or assigned to assist in the prosecution, defense or settlement of this action;

(c)     The parties' experts and consultants and the secretarial and clerical staffs of such experts and consultants, upon the condition that these individuals, for themselves and their respective staff members, shall agree in writing to be bound by the terms of this Protective Order, as set forth in the Confidentiality Undertaking attached as Exhibit A;

(d)     The named parties to this action or, in the case of a corporate party, officers, directors, managing agents, and employees of that party who are responsible for or directly involved in the prosecution or defense of this litigation for the purpose of the prosecution, defense or settlement of this litigation;

(e)     A witness at any deposition or other proceeding in this action, provided that, as to witnesses not otherwise entitled to see Confidential Information under the terms of the other subparts of Paragraph 6, the Disclosing Party has a good faith basis to discuss or reveal the Confidential Information to the witness for the sole purpose of prosecuting, defending, and/or appealing this action and provided that such witness has agreed in writing to be bound by the terms of this Protective Order, as set forth in the Confidentiality Undertaking attached as Exhibit A;

(f)     A witness for any private interview conducted by or for a party who has a good faith basis to discuss or reveal the document to the witness for the sole purpose of prosecuting, defending, and/or appealing this action, provided that, as to witnesses not otherwise entitled to see Confidential Information under the terms of the other subparts of Paragraph 6, the witness shall be instructed regarding the terms of this Protective Order, shall be instructed not to retain any copy, notes or other memorializations of Confidential Information, and shall agree in writing to be bound by the terms of this Protective Order, as set forth in the Confidentiality Undertaking attached as Exhibit A;

(g)     The Court, persons employed by the Court, jurors and prospective jurors in this action (in the event it is determined that this case will proceed to a jury trial), appellate courts, and appellate court personnel performing judicial functions related to this case;

(h)     Any court reporter, typist or videographer recording or transcribing testimony or argument in this action;

(i)     Clerical, ministerial, or litigation support service providers, such as outside copying support, electronic discovery, or trial presentation or graphics personnel, retained to assist a party or its counsel, provided that such providers have agreed in writing to be bound by

6

the terms of this Protective Order, as set forth in the Confidentiality Undertaking attached as Exhibit A;

(j)     Persons who are currently or formerly employed by the Disclosing Party or non-party and have been demonstrated either (A) to have participated in the preparation of such Confidential Information or (B) currently or formerly to have or to have had a legitimate right of access to such Confidential Information or to have or have had knowledge about the Confidential Information contained within the document designated as "CONFIDENTIAL"; and

(k)     Contract attorneys and contract paralegals, provided that such persons have agreed in writing to be bound by the terms of this Protective Order, as set forth in the Confidentiality Undertaking attached as Exhibit A.

Each party shall maintain all Confidentiality Undertakings executed by any Permitted Recipients, and shall make them available for inspection and copying upon reasonable request by the other party, provided however that nothing in this provision shall require the disclosure of Confidentiality Undertakings executed by any expert prior to the date disclosure of such expert's identity is required pursuant to the Court's Order, the Federal Rules of Civil Procedure, or local rules.

7.     Disclosure of Highly Confidential Information

Highly Confidential Information and any summary, description, analysis or report containing such Highly Confidential Information, shall not be used, discussed, revealed or disclosed by the Receiving Party, except as otherwise herein may be allowed, in any manner or form to any person other than the following "Permitted Recipients":

(a)     Counsel of record for each party, and members, associates, or employees of their firms, and employees of those firms assigned to assist counsel in the prosecution, defense, or settlement of this action;

(b)     Inside counsel and paralegals, secretaries and staff of the parties or assigned to assist in the prosecution, defense or settlement of this action;

(c)     Any person who authored, sent, or received the particular material sought to be disclosed to that person;

(d)     The named parties to this action or, in the case of a corporate party, officers, directors, managing agents, and employees of that party who are responsible for or directly involved in the prosecution or defense of this litigation for the purpose of the prosecution or defense of this litigation;

(e)     The parties' experts and consultants and the secretarial and clerical staffs of such experts and consultants, upon the condition that the experts, for themselves and their staff members, shall agree in writing to be bound by the terms of this Protective Order, as set forth in the Confidentiality Undertaking attached as Exhibit A;

(f)     The Court, persons employed by the Court, jurors and prospective jurors in this action (in the event it is determined that this case will proceed to a jury trial), appellate courts, and appellate court personnel performing judicial functions related to this case;

(g)     Any court reporter, typist or videographer recording or transcribing testimony or argument in this action;

(h)     Clerical, ministerial, or litigation support service providers, such as outside copying support, electronic discovery, or trial presentation or graphics personnel, retained to assist a party or its counsel; provided that such providers have agreed in writing to be bound by the terms of this Protective Order, as set forth in the Confidentiality Undertaking attached as Exhibit A; and

(i)     Contract attorneys and contract paralegals, provided that such persons have agreed in writing to be bound by the terms of this Protective Order, as set forth in the Confidentiality Undertaking attached as Exhibit A.

All executed agreements in writing to be bound by the terms of the Protective Order, as set forth in Exhibit A, shall be retained by counsel to the party so disclosing the Confidential Material and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court.

8. <u>Disclosure of Confidential Protected Health Information</u>

(a) Confidential Protected Health Information will be produced subject to the provisions of 45 C.F.R. §§ 164.102-164.534. All "individually identifiable health information," as that phrase is defined in 45 C.F.R. § 160.103, including, without limitation, the name, address and other identifying information of a patient, will be considered Confidential Protected Health Information, subject to this Order. Accordingly, the producing party of any Confidential Protected Health Information shall designate any copies made of such documents as Confidential Protected Health Information prior to releasing such copied documents to the Receiving Party by stamping or writing: "CONFIDENTIAL PROTECTED HEALTH INFORMATION" on each page of any document containing Confidential Protected Health Information and/or may redact any information identifying the patient, including the patient's name, address, telephone number and/or any other directory information. Any document so designated shall be handled as Confidential Material in accordance with this Order. A party may produce Confidential Protected Health Information in electronic form, such as on CD or other electronic means, and shall stamp or write "CONFIDENTIAL PROTECTED HEALTH INFORMATION" on the outside of the CD or other electronic transmission that contains such information. If the Confidential Protected Health Information that has been produced in electronic form is to be used in hard copy, the party using such information shall stamp or write "CONFIDENTIAL PROTECTED HEALTH INFORMATION" on each page of any document being used in hard copy. All Confidential Protected Health Information that is transferred in electronic form shall be encrypted in accordance with industry standards.

(b) Without limitation to anything to the contrary herein, in connection with the Confidential Protected Health Information:

> **(A) Such information shall not be used or disclosed for any purpose other than the litigation;**
> **and**
> **(B) The parties shall return to the Disclosing Party, or destroy, such information (including all copies made) at the end of the litigation.**

See 45 CFR § 164.512 (e)(v).

9. <u>Use of Information Subject to This Order</u>

(a) Except as agreed in writing by the designating party, information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL PROTECTED HEALTH INFORMATION" shall be maintained in confidence, and in a secure and safe area, by the Permitted Recipient(s) to whom it is disclosed; may be used by such Permitted Recipient(s) only for the purpose of this litigation and for no other purpose, including that neither copies nor the content of such information shall be disclosed to anyone for any purpose other than the purpose of this litigation; and may be disclosed by such Permitted Recipient(s) only to another Permitted Recipient in accordance with this Protective Order. All Permitted Recipients shall exercise due and proper care with respect to the storage, custody and use of all information so designated.

(b) No copy of any final transcript of any deposition taken by any Party which is designated in part or in whole as Confidential Information, Highly Confidential Information, or Confidential Protected Health Information shall be produced or furnished by the reporter to any person other than to counsel for the Parties. In the event that any deponent requests the opportunity to read and sign the transcript of his or her deposition before it is finalized, the deponent must (1) agree to be bound by the provisions of this Stipulated Protective Order, and (2) return the original and all copies of the respective deposition transcript after his or her review is completed. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Material.

10. <u>Inspection Prior to Designation</u>

In the event a party or non-party produces files and records as maintained in the regular course of business and an authorized inspecting party desires to inspect them first before any copies are made, no "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL PROTECTED HEALTH INFORMATION" designation need be made by the party or non-party in advance of said inspection. For purposes of the inspection, all material produced shall be considered as having been designated "HIGHLY CONFIDENTIAL." Thereafter, upon selection of specified documents by the inspecting party for copying, the producing party shall mark as

10

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL PROTECTED HEALTH INFORMATION" the specific copies it wishes to so designate.

11.   Challenge to Designation

(a)   Any party may challenge a designation made under Paragraph 5 by written notice of its objection to counsel for the Designating Party or non-party. Challenge to a designation made under Paragraph 5(b) may be made either upon the record of the deposition or as provided in the preceding sentence.

(b)   In the event a designation is challenged, the challenging and Designating Party shall attempt to resolve any challenges in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved within ten (10) days, the party challenging the designation may move for an appropriate ruling from the Court. The material shall continue to be treated as Confidential Material unless the parties agree in writing or the Court rules to the contrary.

(c)   A party shall not be obligated to challenge the propriety of the designation of documents as Confidential at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

12.   Filing Under Seal

The Clerk of the Court is directed to maintain under seal all documents, tangible objects, transcripts and other materials filed with this Court in this action by any party or non-party which are, in whole or in part, designated as Confidential Material, including all pleadings, deposition, trial or hearing transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. The party or non-party filing such material shall file with the Clerk of the Court, and serve on counsel for the Parties, in accordance with the procedures prescribed in Local Rule 5.4, S.D. Fla., and Rule 9 of the CM/ECF Administrative Procedures, S.D. Fla., any Confidential Material designated according to this Order.

In addition to and not in limitation of the foregoing, each party shall ensure that they restrict all information filed with the Court to the minimum necessary information that is

germane to the case. Each party shall redact individual identifiers as described in 42 C.F.R. 164.514, except Medical record numbers, from any filing made with the Court. The parties agree to designate individuals by unique identification numbers and otherwise redact individual identifiers from any filing with the Court, or if a party believes such identifying information must be provided to the Court and cannot or should not be redacted, that party shall file a motion to seal setting forth why it believes such identifying information cannot or should not be redacted, after conferring with the other parties, and shall not file such information unless and until the Court grants the motion permitting such information to be filed under seal.

13. Request for Designated Information in Other Proceedings

Subject to the provisions herein, if another court, administrative agency, or any other person subpoenas or orders production of Confidential Material that a party has obtained through discovery in this case under the terms of this Protective Order, such party shall immediately notify the Disclosing Party or non-party of the pendency of such subpoena or order, shall object to such production on the basis of this Protective Order, and shall use its best efforts to afford the Disclosing Party or non-party an opportunity to be heard by the court, administrative agency, or other body prior to any disclosure of Confidential Material.

14. Party's Use of Its Own Documents

Nothing herein shall restrict the right of any party or non-party to use his, her, or its own documents, tangible things, or information designated as Confidential, Highly Confidential, or Confidential Protected Health Information for any purpose whatsoever.

15. Inadvertent Production Not a Waiver of Privilege

The production (whether inadvertent or not) of any document, tangible thing, information, or other material covered by an attorney-client, attorney work product, or other applicable evidentiary privilege that would enable a party or non-party to withhold documents, tangible things, information or other material from production shall not constitute a waiver or impairment of any claim of privilege (including under the attorney-client privilege or work product doctrine) concerning any such documents, tangible things, information or other material

or the subject matter thereof. Any such party or non-party shall have the right to redesignate as privileged or withhold such documents, tangible things, information or other material that it produces or has produced. If production occurs, the allegedly privileged materials, together with all copies and notes thereof, shall be returned to the Disclosing Party or non-party or, in the case of notes, destroyed, as soon as practicable after demand of the Disclosing Party or non-party or its designee, and any party that received the materials must take reasonable steps to retrieve the information if the party disclosed it before being notified. Return of the allegedly privileged information in no way prejudices or impairs the returning party's rights to challenge the privilege contention of the Disclosing Party or non-party; provided, however, that, if the Disclosing Party has made a demand for return as set forth above, the basis of such challenge shall not include an argument that the Disclosing Party waived the privilege or protection by inadvertent production.

16.    <u>Use of Confidential Material During Hearings and/or Trial</u>

The procedures for use of designated Confidential Material during any hearing or the trial of this matter shall be determined by the parties in advance of the hearing or trial. To the extent the parties are unable to agree on the procedures for use of designated Confidential Material during a hearing or the trial of this matter in advance of the hearing or trial, all material shall be treated as having been designated "Highly Confidential" until otherwise determined by the Court. For example, the parties shall consider redacting Confidential Material to remove individual Patient Identifiers, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients or other persons have been removed.

17.    <u>Violations of Protective Order</u>

In the event any person or party subject to this Protective Order violates or threatens to violate any term of this Protective Order, the aggrieved party or non-party may immediately apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

Furthermore, the Receiving Party of any Confidential Material shall notify the Disclosing Party of any access, use, or disclosure of Confidential Protected Health Information in violation of this Order by the Receiving Party, or by persons covered by this Order to whom the Receiving Party provided such Confidential Protected Health Information within five (5) business days of becoming aware of such violation.

18. <u>Retention of Jurisdiction by Court</u>

The parties agree that the U.S. District Court for the Southern District of Florida has jurisdiction over all parties producing or receiving documents for the purpose of enforcing this Protective Order. The provisions of this Protective Order shall survive the termination or conclusion of this action. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Protective Order following the final resolution of this litigation.

19. <u>Return or Destruction of Designated Material</u>

Within thirty (30) days after final conclusion of all aspects of this action, including all appeals, the parties shall use reasonable efforts to return to the designating party or destroy all Confidential Material and all copies of same (other than exhibits of record), unless the designating party or non-party agrees in writing to some other disposition. Each party shall confirm in writing that it has used reasonable efforts to return to the designating party or non-party or to destroy all Confidential Material, and all copies of same. The parties agree that, in the event any Confidential Material or any copies of same are later found, they shall not be used for any purpose and shall be promptly returned to the designating party or non-party or destroyed. Notwithstanding the foregoing, attorney work product and briefs, pleadings, written discovery responses, transcriptions of testimony and exhibits thereto, expert reports, evidence adduced at trial, and other court papers prepared or used in this action need not be returned or destroyed, but shall remain subject to the provisions of this Protective Order.

20. <u>Amendments and Modifications to this Order.</u>

This Order may be amended only by Court Order.

**THE TERMS OF THIS PROTECTIVE ORDER ARE NOT BINDING ON THE COURT AND DO NOT DETERMINE WHETHER THE COURT GRANTS ANY PARTY'S OR NON-PARTY'S MOTION TO FILE OR KEEP DOCUMENTS UNDER SEAL.**

DONE AND ORDERED in Miami, Florida on this _8th__ day of August, 2016.

*/s/ Ursula Ungaro*

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record

# EXHIBIT A
*CONFIDENTIALITY UNDERTAKING*

A.    I, _____, have read the foregoing Stipulated Confidentiality and Protective Order entered in an action entitled *United States of America ex rel. James A. Burks, M.D. and James D. Davenport, M.D. v. John R. Dylewski, M.D., Baptist Health South Florida, Inc., et al.*, No. 14-22079-CIV, U.S. District Court for the Southern District of Florida, ("Action"), and agree to be bound by its terms with respect to any documents, tangible things, information or materials that are furnished to me as set forth in the Stipulated Protective Order.

B.    I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under this Protective Order any documents, tangible things, information or materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL PROTECTED HEALTH INFORMATION," or any copies thereof, or the contents thereof.

C.    I hereby agree that any documents, tangible things, information or materials furnished to me will be used by me only for the purposes of this Action and for no other purpose, and will be returned to the person who furnished such documents, tangible things, information or materials to me or destroyed.

D.    I understand that if I knowingly violate the provisions of this Stipulated Confidentiality and Protective Order, I may be subject to sanctions by the Court and that the Parties, or any of them, may assert other remedies against me, and I hereby voluntarily submit to the jurisdiction of this Court to enforce any such sanctions against me.

E.    My present address is _____.

F.    My present employer is _____, and the address of my present employer is _____.

_____
Signature                              Date